**Michael SMITH, Petitioner–Appellant,**

v.

**Charles GREINER, Respondent–Appellee.**

No. 03–2853.

United States Court of Appeals, Second Circuit.

Nov. 8, 2004.

Sally Wasserman, New York, New York, for Appellant.

Diana Villanueva, Assistant District Attorney, Kings County, (Charles J. Hynes, District Attorney Kings County; Leonard Joblove & Victor Barall, Assistant District Attorney), Brooklyn, New York, for Appellee, of counsel.

PRESENT: NEWMAN, SACK, and B.D. PARKER, Circuit Judges.

## SUMMARY ORDER

Appellant Michael Smith was convicted in New York Supreme Court, Kings Coun-

ty, of rape in the first degree, sexual abuse in the first degree, and endangering the welfare of a child. Thereafter, he petitioned the District Court for the Eastern District of New York (Jack B. Weinstein, *Judge*) for a writ of habeas corpus. The district court denied the petition and granted Smith a certificate of appealability. "We review de novo a district court judgment denying habeas corpus." *Sellan v. Kuhlman*, 261 F.3d 303, 308 (2d Cir. 2001).

■ First, Smith contends that his right to due process and a fair trial were violated by the state trial court's *Sandoval* ruling allowing the prosecution to impeach Smith's testimony with three felony and four misdemeanor prior convictions. *See People v. Sandoval*, 34 N.Y.2d 371, 357 N.Y.S.2d 849, 314 N.E.2d 413 (1974). Smith asserts that this error was compounded by the prosecutor's closing remarks. The state court disposed of this claim by stating that it was "either unpreserved for appellate review or without merit." *People v. Smith*, 250 A.D.2d 629, 629, 672 N.Y.S.2d 751 (2d Dep't 1998). As a result, it is unclear whether the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) applies to this claim. 28 U.S.C. § 2254(d); *Shih Wei Su v. Filion*, 335 F.3d 119, 126 n. 3 (2d Cir.2003). We need not resolve this question here, though, because Smith's claim is in any event without merit under the pre-AEDPA standard of review.

Regarding Smith's due process argument, the standard for evaluating whether there has been a constitutional error resulting from an evidentiary error is whether such error was "so pervasive as to have denied [the defendant] a fundamentally fair trial." *Collins v. Scully*, 755 F.2d 16, 18 (2d Cir.1985). The Court evaluates whether "the erroneously admitted evidence, viewed objectively in light of the entire record before the jury, was sufficiently material to provide the basis for conviction or to remove a reasonable doubt that would have existed on the record without it." *Id.* at 19. The victim, Smith's daughter Naomi, was found fit to testify, and that determination is not under review here. She gave detailed testimony as to her father's actions. Her testimony was corroborated by that of her two brothers and pediatrician Dr. Ajl. Given the strength of the evidence in the record against Smith, we cannot say that the admission of his past convictions, if erroneous, was sufficiently material that it removed a reasonable doubt or provided a basis for conviction.

With respect to Smith's argument that the prosecution's use of his past convictions compounded any error in their admission, the standard for evaluating whether prosecutorial misconduct constitutes constitutional error is whether the "remarks were so prejudicial that they rendered the trial in question fundamentally unfair." *Floyd v. Meachum*, 907 F.2d 347, 353 (2d Cir.1990) (quoting *Garofolo v. Coomb*, 804 F.2d 201, 206 (2d Cir. 1986)). The fairness of the trial is evaluated under the "totality of the circumstances." *Floyd*, 907 F.2d at 353. "The severity of the misconduct, curative measures, and the certainty of conviction absent the misconduct are all relevant to the inquiry." *United States v. McCarthy*, 54 F.3d 51, 55 (2d Cir.1995) (internal quotation marks omitted). The court gave limiting instructions that reduced any undue prejudice from the use of the convictions during the prosecution's cross examination and summation. *Cf. Zafiro v. United States*, 506 U.S. 534, 539, 113 S.Ct. 933, 122 L.Ed.2d 317 (1993); *United States v. Downing*, 297 F.3d 52, 59 (2d Cir.2002). The evidence, as discussed above, shows a "certainty of conviction absent the miscon-

duct." *McCarthy*, 54 F.3d at 55. There was ample evidence to support a finding of guilt beyond a reasonable doubt. While we think that there were comments made by the prosecutor during closing argument that were clearly inappropriate, and asked the assistant district attorney who appeared before us to call them to the attention of the Office of the District Attorney, they are not sufficient to support a grant of the writ here.

■ Second, Smith appeals the admission of "inferential or indirect hearsay elicited from the complainant's mother Roberta Smith." Smith bases this claim on Roberta Smith's statement that, after speaking to Naomi, she called a number for "sex abuse children" and "told them what [her] daughter said." Erroneously admitted evidence constitutes a violation of due process where "the erroneously admitted evidence, viewed objectively in light of the entire record before the jury, was sufficiently material to provide the basis for conviction or to remove a reasonable doubt that would have existed on the record without it." *Collins*, 755 F.2d at 19. Because this claim is meritless under a de novo standard of review, the Court need not consider whether AEDPA applies to the claim even though it was dismissed by the state court as either meritless or unpreserved for review. Viewing the record in its entirety, it cannot be said that the admission of this evidence removed a reasonable doubt, and therefore the admission did not violate due process.

■ Regarding the applicability of the Sixth Amendment to Smith's hearsay claim, the district court stated that the statement was not admitted for its truth but to "explain[ ] the presence of police officers and medical personnel at the victim's home and was thus admissible to complete the narrative of the story." *Smith v. Greiner*, No. 99–CV–5230, at 12

(E.D.N.Y. filed Oct. 8, 2003). Even if admission of the statement was error, any such error was harmless. "In *Chapman v. California*, 386 U.S. 18, 24, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967), the Court held that on direct review of a criminal conviction, an error may be overlooked only if it is 'harmless beyond a reasonable doubt.'" *Brown v. Keane*, 355 F.3d 82, 91 (2d Cir.2004). Post–AEDPA, this Court has not resolved whether to evaluate state judgments on habeas review under *Chapman*, or under the less expansive standard enunciated in *Brecht v. Abrahamson*, 507 U.S. 619, 637–38, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993). *Brown*, 355 F.3d at 91; *Noble v. Kelly*, 246 F.3d 93, 101 n. 5 (2d Cir.2001). We do not resolve this question here, because any error is in any event harmless under the more stringent *Chapman* standard.

For the foregoing reasons, the judgment of the District Court is hereby AFFIRMED.