15-2696-cr
*United States v. Morgan*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

<u>**SUMMARY ORDER**</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12th day of January, two thousand seventeen.

PRESENT:   JOHN M. WALKER,
           DENNY CHIN,
           SUSAN L. CARNEY,
                 *Circuit Judges*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA,
                 *Appellee*,

           v.                                          15-2696-cr

JOHNNY MORGAN,
                 *Defendant-Appellant*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FOR APPELLEE:                    ROBERT W. ALLEN, Assistant United States
                                 Attorney (Anna M. Skotko, Assistant United
                                 States Attorney, *on the brief*), *for* Preet Bharara,
                                 United States Attorney for the Southern
                                 District of New York, New York, New York.

FOR DEFENDANT-APPELLANT:     RICHARD PALMA, Law Office of Richard
                             Palma, New York, New York.

FOR AMICUS CURIAE:           DANIEL ADES (Richard Joselson, *on the brief*),
                             The Legal Aid Society, New York, New York.

Appeal from the United States District Court for the Southern District of New York (Marrero and Woods, *JJ.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-appellant Johnny Morgan appeals an August 18, 2015 judgment of the district court, convicting him, after a jury trial, of illegally possessing a firearm in violation of 18 U.S.C. § 922(g)(1).  The district court sentenced Morgan principally to eighty-four months' imprisonment and three years' supervised release. On appeal, Morgan argues that the district court abused its discretion in admitting: (1) reports and expert testimony concerning a Low Copy Number DNA analysis ("LCN") that showed the presence of DNA consistent with Morgan's genetic profile on a .40 caliber pistol recovered by police in the vicinity of his arrest; and (2) testimony about a 911 call reporting a "man with a gun" near the same area.  We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

1.     **DNA Evidence**

Morgan argues that the district court erred in admitting the government's expert testimony and other evidence concerning LCN testing performed by the New

York Office of the Chief Medical Examiner ("OCME") because LCN testing is unreliable in all cases, and, in any event, OCME's testing methods cannot be reliably applied to the sample obtained from the pistol in this case.

We review a district court's decision to admit expert testimony for abuse of discretion and will vacate the judgment only if any error was not harmless. *United States v. Litvak*, 808 F.3d 160, 179 (2d Cir. 2015); *United States v. Rea*, 958 F.2d 1206, 1219 (2d Cir. 1992).

Although "the proponent of expert testimony has the burden of establishing by a preponderance of the evidence that the admissibility requirements of Rule 702 are satisfied, the district court is the ultimate 'gatekeeper.'" *United States v. Williams*, 506 F.3d 151, 160 (2d Cir. 2007). At bottom, Federal Rule of Evidence 702 requires the district court to ensure "that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand." *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 597 (1993).

In assessing expert testimony and evidence, "the district court should consider the indicia of reliability identified in Rule 702, namely, (1) that the testimony is grounded on sufficient facts or data; (2) that the testimony 'is the product of reliable principles and methods'; and (3) that 'the witness has applied the principles and methods reliably to the facts of the case.'" *Amorgianos v. Nat'l R.R. Passenger Corp.*, 303 F.3d 256, 265 (2d Cir. 2002) (quoting Fed. R. Evid. 702). Moreover, the district court may

consider other factors, including whether a theory or technique has been or can be tested, "whether the theory or technique has been subjected to peer review and publication," the technique's "known or potential rate of error," "the existence and maintenance of standards controlling the technique's operation," and whether the technique has gained general acceptance in the relevant scientific community. *See Daubert*, 509 U.S. at 593-94.

We have held that to "warrant admissibility . . . it is critical that an expert's analysis be reliable at every step." *Amorgianos*, 303 F.3d at 267. Indeed, "*any* step that renders the [expert's] analysis unreliable under the *Daubert factors renders the expert's testimony inadmissible*" as a whole. *Id.* (quoting *In re Paoli R.R. Yard PCB Litig.*, 35 F.3d 717, 745 (3d Cir. 1994)). Still, "a slight modification of an otherwise reliable method will not render an expert's opinion *per se* inadmissible" -- a "judge should only exclude the evidence if the flaw is large enough that the expert lacks 'good grounds' for his or her conclusions." *Id.* (internal quotations marks omitted). Instead, "[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *Daubert*, 509 U.S. at 596.

Here, the district court admitted the challenged evidence only after reviewing the parties' extensive briefing and conducting a hearing in which it received documentary evidence and testimony concerning LCN testing and OCME's methods

from both the government's and Morgan's expert witnesses.  *See United States v. Morgan*, 53 F. Supp. 3d 732, 734-39 (S.D.N.Y. 2014).  The government presented evidence that OCME conducted validation studies of its testing methods, the results of which were published in a peer-reviewed journal, and that the DNA Subcommittee of the New York Commission on Forensic Science approved OCME's use of LCN testing in criminal casework.  *Id.* at 737-39.  Morgan, for his part, challenged the accuracy of OCME's testing, emphasizing, among other indicia of unreliability, the limitations of OCME's validation studies, the increased risk of error in LCN analysis as compared to traditional DNA analysis, that no other publicly funded lab in the country performs forensic LCN analysis, and that the FBI does not accept the results of such analysis in its national DNA database, the Combined DNA Index System.  *Id.* at 741-46.

Upon review of the record, we conclude that, although LCN analysis is supported by significantly weaker evidence of reliability than traditional DNA analysis, the district court did not abuse its discretion in this case in holding that the proffered expert evidence met the reliability standards of Rule 702:  We cannot say that its ruling here was "manifestly erroneous."  *Amorgianos*, 303 F.3d at 265.  We express no opinion on the propriety of admitting the results of LCN testing in other cases and note that OCME is discontinuing its use of LCN testing in favor of newer technology that produces reliable results in most of the sensitivity range for which it previously employed LCN testing.  *See* Timothy D. Kupferschmid, NYC Office of the Chief Medical

Examiner, *Department of Forensic Biology is Implementing New Technologies -- a New STR Kit, a New STR Analysis Software and a New Probabilistic Genotyping Software* 2 (Sept. 19, 2016).

**2.      911 Call**

Morgan also argues that testimony from two police officers concerning a 911 call reporting a "man with a gun" in the vicinity where he was arrested was unduly prejudicial and should have been excluded under Federal Rule of Evidence 403.

Like the district court's Rule 702 determination, we review its other evidentiary rulings for abuse of discretion and will vacate the conviction only for error that is not harmless. *United States v. Curley*, 639 F.3d 50, 56-58 (2d Cir. 2011); *United States v. Mercado*, 573 F.3d 138, 141 (2d Cir. 2009). "[S]o long as the district court has conscientiously balanced the proffered evidence's probative value with the risk for prejudice," a determination under Federal Rule of Evidence 403 "will be disturbed only if it is arbitrary or irrational." *United States v. Awadallah*, 436 F.3d 125, 131 (2d Cir. 2006).

The district court did not abuse its discretion here. It allowed the officers to testify that they were responding to a 911 call about "a person with a gun," but it gave the jury the following limiting instruction to reduce any risk of unfair prejudice:

> [Y]ou heard some testimony about officers' receipt of a 911
> dispatch call for [a] man with a gun. That information was
> introduced solely for the purpose of you understanding why
> it was the officer reported to the scene. You should not take
> that evidence as indicating that there was in fact a man with
> a gun at the scene. You should not take that information for

the truth of the matter.  The reason why is that information came in strictly to understand why it was that the officer reported to the scene, and you should not use it for any other purpose in your deliberations.

App. at 1622.

"Generally, we presume that juries follow limiting instructions" unless "there is an overwhelming probability that the jury will be unable to follow the court's instructions and the evidence is devastating to the defense." *United States v. Becker*, 502 F.3d 122, 130 (2d Cir. 2007) (internal quotation marks omitted).  Morgan has not overcome this presumption.  Although the jury asked to rehear the testimony of the "person who stated [sic] the second 911 call" during its deliberations and the district court granted that request, the district court also issued the limiting instruction excerpted above a second time and provided the written transcript of the instruction to the jury along with the requested testimony.  App. at 2296-97.  Morgan has not shown that there is an overwhelming probability that the jury was unable to follow an instruction that the district court gave, in effect, three times.  Therefore, we reject his challenge to the district court's evidentiary ruling on this matter.

We have reviewed Morgan's remaining arguments and conclude they are

without merit.  Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk