*Gibson v. Bell*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of November, two thousand twenty-three.

Present:
> DEBRA ANN LIVINGSTON,
> *Chief Judge*,
> AMALYA L. KEARSE,
> SUSAN L. CARNEY
> *Circuit Judges*

---

MICHAEL S. GIBSON,

> *Petitioner-Appellant*,

> v.                                                        21-1892

EARL BELL, Superintendent, Clinton Correctional Facility

> *Respondent-Appellee*.

---

| | |
|---|---|
| For Petitioner-Appellant: | JILLIAN S. HARRINGTON, Law Office of Jillian S. Harrington, Monroe Township, New Jersey. |
| For Respondent-Appellee: | MONICA M. C. LEITER, Assistant District Attorneys, *of Counsel* (Tammy J. Smiley, Daniel Bresnahan, Cristin N. Connell, *on the brief), on behalf of* Anne T. Donnelly, District Attorney, Nassau County, Mineola, New York. |

Appeal from a judgment of the United States District Court for the Eastern District of New York (Brown, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED.**

Petitioner-Appellant Michael Gibson appeals from a judgment dated July 13, 2021, by the United States District Court for the Eastern District of New York (Brown, *J.*), denying Gibson's petition for a writ of habeas corpus under 28 U.S.C. § 2254. Gibson was convicted of second-degree murder and two counts of criminal possession of a weapon following a jury trial in New York State Supreme Court, Nassau County, and was sentenced to an indeterminate term of twenty-five years to life imprisonment on the murder charge and a definite term of fifteen years imprisonment on each of the weapons charges, to be followed by five years of post-release supervision.

Twice before trial, defense counsel unsuccessfully sought a hearing pursuant to *Frye v. United States*, 293 F. 1013 (D.C. Cir. 1923), to determine the reliability and general acceptance of low copy number ("LCN") DNA testing before expert testimony of such testing was admitted. Gibson raised the denial of such a hearing, among other claims, on direct appeal to the Appellate Division, Second Department, which rejected the challenge and unanimously upheld his conviction. *See People v. Gibson*, 80 N.Y.S. 3d 392, 394 (N.Y. App. Div. 2018). The New York Court of Appeals, where he also pressed the claim, denied leave to appeal. *People v. Gibson*, 32 N.Y.3d 1064, 1064 (2018). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

\* \* \*

2

We certified a single issue for appeal: "whether the state trial court's evidentiary ruling admitting DNA testing testimony without conducting a *Frye* hearing presents a constitutional due process claim because the admitted evidence was crucial to the trial's outcome." We will assume *arguendo* that it was an error of state law for the trial court to decline a *Frye* hearing in the circumstances of this case. However, this alone is insufficient for habeas relief because, as the Supreme Court has repeatedly stated, "'[F]ederal habeas corpus relief does not lie for errors of state law.'" *Estelle v. McGuire*, 502 U.S. 62, 67 (1991) (quoting *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990)). In addition, our review of a state court's denial of relief on the merits of a constitutional claim is statutorily limited.[1] *Scrimo v. Lee*, 935 F.3d 103, 111 (2d Cir. 2019). As relevant here, a federal court may grant habeas relief only if "the [state court] adjudication of the claim . . . resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States."[2] 28 U.S.C. § 2254(d).

"A state court's decision is contrary to clearly established federal law when it 'applies a rule that contradicts the governing law set forth in Supreme Court caselaw or . . . confronts a set of facts that are materially indistinguishable from a decision of the Supreme Court and nevertheless arrives at a result different from Supreme Court precedent.'" *McCray v. Capra*, 45 F.4th 634, 640 (2d Cir. 2022) (quoting *Lockyer v. Andrade*, 538 U.S. 63, 73 (2003)) (alteration marks omitted). The right to a fundamentally fair trial has been clearly established. *See, e.g.*, *Chambers v.*

---

[1] Nassau County argues that Gibson's due process claim is procedurally barred because he failed to exhaust any constitutional challenge to the state trial court's determination not to hold a *Frye* hearing. Given our determination that Gibson's claim is without merit in any event, we need not address this argument. 28 U.S.C. § 2254(b)(2).

[2] "[C]learly established Federal law, as determined by the Supreme Court of the United States" means "the holdings, as opposed to the dicta" of the Supreme Court, and only of that court. *Williams v. Taylor*, 529 U.S. 362, 412 (2000); *Lopez v. Smith*, 574 U.S. 1, 2 (2014) (per curiam).

*Mississippi*, 410 U.S. 284, 302 (1973). But there is no clearly established constitutional requirement that a hearing be held before expert testimony is admitted. There is no Supreme Court caselaw on point for the state court to have acted contrary to, nor any case with materially indistinguishable facts.

As to the unreasonable application of clearly established federal law, a petitioner demonstrates entitlement to habeas relief by "'show[ing] that the state court's ruling on the [constitutional] claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fair[-] minded disagreement.'" *Carmichael v. Chappius*, 848 F.3d 536, 544 (2d Cir. 2017) (quoting *Harrington v. Richter*, 562 U.S. 86, 103 (2011)). The determination of what constitutes a reasonable application will depend on "the level of specificity of the relevant precedent's holding." *Id.* (citation omitted). "The more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations." *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004). Because there are few rules more general than the requirement that a trial be fundamentally fair pursuant to the "general 'fairness' mandate of the due process clause," courts have considerable leeway in making case-by-case determinations in this context. *See Herring v. Meachum*, 11 F.3d 374, 378 (2d Cir. 1993) (noting that a habeas petitioner bears "an onerous burden" in challenging a state conviction under this general mandate).

We have said that "[t]he inquiry . . . into possible state evidentiary law errors at the trial level assists us in ascertaining whether the appellate division acted within the limits of what is objectively reasonable." *Hawkins v. Costello*, 460 F.3d 238, 244 (2d Cir. 2006) (internal quotation marks and alteration marks omitted) (quoting *Jones v. Stinson*, 229 F.3d 112, 120 (2d Cir. 2000)). In evaluating whether the trial court's possible error "was 'so pervasive as to have denied the

defendant a fundamentally fair trial,'" we consider whether "'the erroneously admitted evidence, viewed objectively in light of the entire record before the jury, was sufficiently material to provide the basis for conviction or to remove a reasonable doubt that would have existed on the record without it.'" *Smith v. Greiner*, 117 F. App'x 779, 781 (2d Cir. 2004) (summary order) (quoting *Collins v. Scully*, 755 F.2d 16, 18, 19 (2d Cir. 1985)); *see also Collins*, 755 F.2d at 19 (noting that, to violate due process, erroneously admitted evidence "must have been crucial, critical, highly significant" (internal quotation marks omitted)).

Even assuming *arguendo* that it was an error of New York evidentiary law to deny counsels' requests for a *Frye* hearing, however, we cannot conclude that the New York state courts acted outside the limits of objective reasonableness in upholding Gibson's conviction. Indeed, we have previously upheld federal district court determinations to admit LCN DNA evidence (albeit after a hearing pursuant to *Daubert v. Merrell Dow Pharmaceuticals*, 509 U.S. 579 (1993)). *See United States v. Morgan*, 675 F. App'x 53, 55–56 (2d Cir. 2017) (summary order); *United States v. Wilbern*, No. 203494-cr, 2022 WL 10225144, at *2 (2d Cir. Oct. 18, 2022) (summary order). And Gibson has fallen short of showing that the evidence here would not have been admitted after a hearing, much less that as a result of the state court's failure to afford him a *Frye* hearing, he was denied a fundamentally fair trial.

Here, viewing the record as a whole, the LCN DNA evidence was not crucial to the outcome of Gibson's trial, but merely corroborated other, more powerful evidence against Gibson. This evidence included eyewitness testimony, video footage, corroborating cell site location evidence, recovery of the murder weapon at a location that Gibson had visited shortly after the shooting, Gibson's flight out of state, and his false statements upon apprehension. In addition, the LCN DNA expert was subject to effective cross-examination about the reliability of the LCN DNA

process. *See Olin Corp. v. Certain Underwriters at Lloyd's London*, 468 F.3d 120, 134 (2d Cir. 2006) (discussing cross-examination as one of the ways to challenge "weak expert testimony, rather than complete exclusion"); *see also United States v. Ware*, 69 F.4th 830, 848 (11th Cir. 2023) ("[T]he proper cure for sufficiently reliable but allegedly 'shaky' scientific evidence is not exclusion, but '[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof.'") (quoting *Daubert*, 509 U.S. at 596)).

In sum, we cannot conclude that upholding Gibson's conviction, despite the admission of the LCN DNA evidence in the absence of a *Frye* hearing, was a mistake of constitutional magnitude "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fair[-]minded disagreement." *Richter*, 562 U.S. at 103. In such circumstances, Gibson is not entitled to habeas relief.

\* \* \*

We have considered Gibson's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

6